UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHEDRICK J. BRUMFIELD (#395469)                           CIVIL ACTION

VERSUS

MAJ. CHAD OUBRE, ET AL.                                   NO. 09-0354-RET-CN

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, October 26, 2009.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SHEDRICK J. BRUMFIELD (#395469)**                          **CIVIL ACTION**

**VERSUS**

**MAJ. CHAD OUBRE, ET AL.**                                  **NO. 09-0354-RET-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 9.  This motion is opposed.[1]

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Major Chad Oubre, Capt. John Hughs and Capt. Dufour, complaining that the defendants violated his constitutional rights on November 21, 2007, when they subjected him to excessive force on that date.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal,___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil

---

[1] In his original Complaint, the plaintiff identified defendant Joseph Dufour only as "Capt. Dufour".  As a result, service upon this defendant was not accepted by the Louisiana Department of Public Safety and Corrections.  Inasmuch as the identity of defendant Dufour has now been determined, the Court will direct that service again be attempted upon this individual.

Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief."  Bell Atl. Corp. v. Twombly, supra.  See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged."  Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, supra.  Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."  Erickson v. Pardus, supra.  See also Bell

Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff alleges that on November 21, 2007, the defendants came to his cell and conducted a search thereof. When the plaintiff was returned to his cell after the search, he noticed that all of his legal papers and materials had been spread around the cell, and defendant Dufour stated aloud that the plaintiff would not be filing any grievances or lawsuits in the near future because of the disarray. As the defendants then left to return to the front of the tier, one or more inmates began beating on locker boxes and making noise, to which the defendants responded by returning to the plaintiff's cell and accusing the plaintiff of being the offender. According to the plaintiff, the three defendants then each sprayed two full cans of mace into the plaintiff's cell until he lost consciousness. When the plaintiff awoke, choking and vomiting, he was told to come to the bars of his cell to be restrained. Being unable to see because of the mace, the plaintiff groped toward the bars, but when he arrived, one of the defendants smashed his head twice into the bars. The plaintiff was then placed in restraints, his cell door was opened, and the defendants proceeded to ram his face into the wall (cutting the inside of his mouth), to punch and kick him in the side and back, and to drag him down the tier by his leg shackles. The plaintiff complains that he was not allowed to see a health care provider after the incident.

First, the defendants contend that the plaintiff is precluded from bringing this action by virtue of the Eleventh Amendment to the United States Constitution, which Amendment prohibits the bringing of lawsuits

in federal court against a state, its agencies or persons acting as official representatives thereof.  However, whereas the defendants are correct that this Amendment precludes the bringing of a lawsuit seeking monetary damages against the defendants in their official or representative capacities under § 1983, it appears that the plaintiff has named the defendants in both their individual <u>and</u> their official capacities.

The distinction between official capacity and individual capacity suits was addressed by the United States Supreme Court in <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  In <u>Hafer</u>, the Court made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is barred by the Eleventh Amendment.  <u>Id.</u>  The defendants are correct, therefore, that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities for monetary damages.  The defendants' motion should thus be granted in this regard.

Notwithstanding the foregoing, a suit against a state official in his individual capacity seeks to impose <u>personal</u> liability upon a government official for actions taken by the official under color of state law.  Thus, a showing by the plaintiff that a state official, acting individually and under color of state law, caused the deprivation of the plaintiff's federal right, is enough to establish personal liability in a § 1983 lawsuit.  <u>Id.</u>  Thus, the plaintiff in this case is entitled seek to recover monetary damages from the defendants insofar as the defendants are sued in their individual capacities for actions taken by them which have caused the alleged deprivation of the plaintiff's constitutional rights.  Accordingly, the defendants' motion to dismiss must be denied to the extent that it seeks dismissal of the plaintiff's claims against them for monetary damages in the defendants' individual

capacities.

The defendants next assert that the plaintiff is not entitled to recover damages for the mental anguish and emotional distress he allegedly suffered as a result of the defendants' actions. This argument is without merit. Whereas 42 U.S.C. § 1997e provides that an inmate may not recover damages for mental or emotional injuries without a prior showing of physical injury, the plaintiff in this case has alleged that he sustained physical injury in the confrontation alleged in the Complaint. Accordingly, the defendants' argument in this regard should be rejected.

The defendants next contend that the plaintiff is not entitled to injunctive relief in this case because he has failed to establish a case or controversy as required by Article III, Section 2 of the United States Constitution. In this regard, the defendants appear to be correct. The plaintiff's allegations are centered around events occurring on a single date, November 21, 2007, including assertions that he was subjected to harassment and excessive force on that date in retaliation for past grievance activities and that he was denied medical attention. Notwithstanding any potential merit to these claims, the law is clear that past exposure to illegal conduct, without any current, continuing adverse effects, is insufficient to establish a case or controversy for Article III purposes with respect to injunctive relief. City of Los Angeles v. Lyons, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). In order to obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Society of Separationists, Inc. v. Herman, 959 F.2d 1283 (5th Cir.), cert. denied, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 135 (1992). Similar reasoning has been applied to suits

for declaratory judgments.  Ashcroft v. Mattis, 431 U.S. 171, 97 S.Ct. 1739, 52 L.Ed.2d 219 (1977)(for declaratory relief to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present rights based upon established facts).  In the instant case, there is no credible claim by the plaintiff that he is continuing to suffer harm at the hands of the defendants or that he faces a real and immediate threat of repeated injury.  Accordingly, he has failed to state a claim for injunctive or declaratory relief, and this aspect of his Complaint should be denied.

The defendants next contend that the plaintiff cannot recover punitive damages against them.  This argument is without merit.  The plaintiff is allowed to recover punitive damages from a defendant who, acting in his individual capacity and under color of state law, has violated the plaintiff's constitutional rights, provided that the plaintiff proves that the defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of the plaintiff.  Campbell v. Miles, 228 F.3d 409 (5th Cir. 2000); Sockwell v. Phelps, 20 F.3d 187 (5th Cir. 1994).  The plaintiff has sufficiently alleged this aspect of his claim.  Accordingly, the defendants' motion should be denied in this regard.

Finally, the defendants pray for an award of reasonable attorney's fees and costs incurred in defending the present action, as provided in 42 U.S.C. § 1988.  The Court finds, however, that a consideration of this issue is premature inasmuch as such fees and costs are awarded, in the Court's discretion, only to a "prevailing party", and there has been no determination with regard to whether the defendants will prevail in

this case.[2]

## RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss, rec.doc.no. 9, be granted in part, dismissing the plaintiff's claims asserted against the defendants in their official capacities and dismissing the plaintiff's claim for injunctive relief.  It is further recommended that the defendants' Motion to Dismiss be denied in all other

---

[2] The Court notes that the defendants have asserted in their motion, as a conclusory statement of law, that the plaintiff's Complaint "fails to set forth a claim against defendants under the Civil Rights Act ... or the United States Constitution upon which relief can be granted."  The defendants have wholly failed to address this assertion in their supporting memorandum, however, and have provided no argument or authority in support thereof.  Further, the defendants have not substantively addressed the plaintiff's claims of excessive force, retaliation and deliberate medical indifference.  Accordingly, the Court will decline to address this aspect of the defendants' motion and will instead defer consideration thereof to a properly supported motion for summary judgment.

respects, and that this matter be referred back for further proceedings in connection with the plaintiff's claims against the defendants in their individual capacities, of retaliatory conduct, excessive force and deliberate medical indifference.

Signed in chambers in Baton Rouge, Louisiana, October 26, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**