UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHEDRICK J. BRUMFIELD (#395469)                              CIVIL ACTION

VERSUS

MAJ. CHAD OUBRE, ET AL.                                      NO. 09-0354-RET-CN

## RULING ON MOTION

This matter comes before the Court on correspondence received from the plaintiff, rec.doc.no. 34, which the Court interpreted as a motion for injunctive relief. By Order dated June 18, 2010, rec.doc.no. 37, the Court directed the defendants to respond to the plaintiff's motion. The defendants have now filed a response.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Major Chad Oubre, Capt. John Hughs and Capt. Dufour, complaining that the defendants violated his constitutional rights on November 21, 2007, when they subjected him to excessive force on that date. In the instant motion for injunctive relief, the plaintiff now asserts that he has been threatened with bodily harm by one or more co-inmate "tier walkers" who are on his enemy list and who have access to his person, to his food, and to hot water with which to carry out their threats, and that his requests for the tier walker(s) to be transferred to another location have been explicitly refused by defendant Chad Oubre. The plaintiff also asserts that defendant Oubre has encouraged other inmates to cause the plaintiff harm.

The plaintiff's assertions are conclusory and wholly unsubstantiated. The plaintiff does not allege that he has been harmed

in fact by any tier walker or co-inmate, and the single tier walker who he identifies by name in his motion, "W. Matthews", does not appear on the plaintiff's enemy list, which has been filed under seal by the defendants. And although the plaintiff complains of two other co-inmates, Reginald Williams and Leroy Fields, who have allegedly been placed on the same cell tier with the plaintiff and who are also allegedly on his enemy list, it does not appear that the former co-inmate, Williams, is in fact on the plaintiff's enemy list, and it does not appear from the plaintiff's assertions that the latter co-inmate, Fields, has inflicted any harm in fact upon the plaintiff. In any event, it appears that although co-inmate Fields may have been housed at one time on the same tier with the plaintiff, the co-inmate has since been moved to a different location within the prison.[1]

Based on the foregoing, the Court finds that the plaintiff's motion is lacking in sufficient factual detail and sufficient allegations of actual harm or injury such as would support a finding that he will suffer irreparable injury if injunctive relief is not granted. He does not allege that any prison official or any co-inmate has subjected him to injury in fact, and there is insufficient information provided which would allow the Court to evaluate the seriousness of any verbal threats which have been made against him. Accordingly, the Court finds that there is an insufficient factual basis upon which to make a finding that the plaintiff faces a real danger of actual and immediate harm. It appears, therefore, that his claims are susceptible of being adequately

---

[1] Although the defendants contend that, because co-inmate Leroy Field is on the plaintiff's enemy list, this co-inmate is never housed in the same location as the plaintiff, the plaintiff has pointed out on the location sheets notations which appear to suggest that the plaintiff and co-inmate Fields were housed on the same tier for two days in July, 2009.

addressed in a separate ordinary proceeding and that his request for injunctive relief should be denied. Specifically, the plaintiff has failed to establish, with any degree of certainty, any of the four elements warranting such relief at the present time: (1) a likelihood of irreparable injury, (2) an absence of harm to the defendants if injunctive relief is granted, (3) an interest consistent with the public good, and (4) a substantial likelihood of success on the merits. <u>Canal Authority v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974). Accordingly,

**IT IS ORDERED** that the plaintiff's request for injunctive relief, rec.doc.no. 34, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this ___9th___ day of August, 2010.

RALPH E. TYSON, CHIEF JUDGE
**UNITED STATES DISTRICT COURT**